UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ROBERT A. BARKER, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-937-RLM-MGG |
| SHERRI RITTER, et al., | |
| Defendants. | |

OPINION AND ORDER

Robert A. Barker, a prisoner without a lawyer, filed that a complaint alleging he was denied constitutionally adequate medical treatment while incarcerated at the Indiana State Prison by Medical Administrator Sherri Ritter, R.N., B. Marthakis, M.D., Nurse Michael, and Nurse Dan. He has also sued Wexford of Indiana. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Barker became ill with abdominal pain, vomiting, diarrhea, and a fever on February 25, 2019. He couldn't keep food down. After several days without improvement, he requested medical attention. He was seen by Nurse Michael on

March 3, 2019. After hearing a description of Mr. Barker's symptoms and checking his vitals, Nurse Michael concluded that Mr. Barker had the stomach flu and that, because it was caused by a virus, it would need to run its course. He was prescribed Imodium for the diarrhea and sent off without further treatment. Mr. Barker believes that Nurse Michael should have referred him to the doctor instead of sending him back to his cell.

On March 14, 2019, a nurse came to Mr. Barker's cell to draw labs as part of his treatment for his chronic conditions. The nurse thought that Mr. Barker looked terrible and, when she got back to the medical unit, she spoke with Nurse Dan about his condition. Nurse Dan checked on Mr. Barker later that day and found Mr. Barker dehydrated. His pulse was accelerated, and Nurse Dan determined that he still had a fever. Nurse Dan went back to the medical department to contact someone about placing Mr. Barker on IV fluids. It is unclear if Nurse Dan ever made that request. Mr. Barker received no further assessment or care for the next week.

On March 21, 2019, during medication delivery, a nurse noticed that Mr. Barker was very weak. The nurse talked to Nurse Dan upon her return to the medical department. Nurse Dan called Mr. Barker down for an assessment. He still had a fever, accelerated pulse, and low blood pressure. He had lost 37 pounds in three and a half weeks, weighing in at only 110 pounds. Because it was a holiday weekend, Nurse Dan said that they couldn't really do anything. Nurse Dan sent Mr. Barker back to his cell again without seeing a doctor and said he would send a pass for Monday and would do some testing then.

Monday came and went, but he received no pass and no further medical care. Late Tuesday, Mr. Barker spoke with his counselor about his need for treatment. She emailed Medical Administrator Sherri Ritter. Mr. Barker was called to medical that evening and received IV fluids, but he was again sent back to his cell without seeing a doctor.

The next morning, March 27, 2019, Mr. Barker was called back to the medical department and finally saw a doctor. He was admitted to the medical ward and an urgent request for outside treatment was made on April 1, 2001. He was taken to St. Anthony's Hospital and, after testing, he was diagnosed with Krohn's Disease.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations

omitted). Mr. Barker's allegations state a claim upon which relief could be granted against Nurse Dan. However, Nurse Michael only performed the initial assessment and the facts don't suggest that he was deliberately indifferent to Mr. Barker's serious medical need – he was no more than negligent, and that doesn't state a claim upon which relief can be granted. *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008). As for Sherri Ritter, once she was alerted to Mr. Barker's circumstances, Mr. Barker received IV fluids the same day and saw the doctor the next day. These facts also don't suggest deliberate indifference. Finally, the body of the complaint doesn't identify the name of the doctor, but it can be reasonably inferred that the doctor that saw Mr. Barker was Dr. Marthakis. Once she saw Mr. Barker, she took prompt action to admit him to the medical ward and make arrangements for him to see an outside specialist. These actions don't suggest indifference to Mr. Barker's suffering. Thus, Nurse Michael, Medical Administrator Sherri Ritter, and Dr. Marthakis will be dismissed.

Lastly, Mr. Barker has sued Wexford of Indiana. In some fields of law, an employer is liable for things the employee does wrong, but there is no such general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Mr. Barker's allegations against Wexford appear to be based only on the decisions that its staff made in connection with his care, he can't proceed against Wexford.

For these reasons, the court:

(1) GRANTS Robert A. Barker leave to proceed against Nurse Dan, R.N. in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his serious health condition between March 14, 2019, and March 27, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Medical Administrator Sherri Ritter, R.N., N. Marthakis, M.D., Nurse Michael, and Wexford of Indiana;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) on Nurse Dan, R.N. at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nurse Dan, R.N. to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 23, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT