UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT A. BARKER,

    Plaintiff,

    v.                   CAUSE NO. 3:19-CV-937-RLM

NURSE DAN,

    Defendant.

OPINION AND ORDER

    Robert A. Barker, a prisoner without a lawyer, is proceeding in this case "against Nurse Dan, R.N. in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his serious health condition between March 14, 2019, and March 27, 2019, in violation of the Eighth Amendment." ECF 8 at 5. Nurse Daniel Lunde moved for summary judgment and provided Mr. Barker the notice required by N.D. Ind. L.R. 56-1(f) with copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

    Under Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed nearly four months ago, and Mr. Barker hasn't responded to the summary judgment motion.

    Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

A prisoner isn't entitled to demand specific care, nor is he entitled to the "best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). "Whether and how

2

pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). When the defendants have provided some level of care for a prisoner's medical condition, the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs" to establish deliberate indifference. Hayes v. Snyder, 546 F.3d 516, 524 (7th Cir. 2008).

Nurse Lunde submits an affidavit (ECF 44-2 at 2-4), which the court accepts as undisputed.[1] During all times relevant to the complaint, Nurse Lunde was employed as a registered nurse at Indiana State Prison. Between March 14 and 27, 2019, Nurse Lunde saw Mr. Barker pertaining to his medical condition only one time, on March 22. Nurse Lunde saw Mr. Barker for a nurse visit that day and Mr. Barker reported he was feeling sick, tired, weak, and hadn't been able to keep food down since January 16, 2019. He also reported diarrhea and had a low-grade fever with mild tachycardia. Nurse Lunde consulted with Dr. Nancy Marthakis regarding Mr. Barker's condition and, at Dr. Marthakis's instruction, placed orders into ISP's system for Mr. Barker to receive Zofran, blood work, and Pepto Bismol. Mr. Barker was then escorted back to his cell house.

---

[1] Because Mr. Barker didn't respond to the summary judgment motion, the Court accepts the facts alleged in Mr. Lunde's affidavit as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

The medical records don't indicate Nurse Lunde examined or treated Mr. Barker on any other occasion between March 14 and 27, 2019, and Nurse Lunde doesn't recall doing so. If Nurse Lunde had examined or treated Mr. Barker on any other occasion during this time period, it would be reflected in his medical records.

That leaves it undisputed that Nurse Lunde saw Mr. Barker only once during the relevant timeframe between March 14 and 27, 2019, and that he treated Mr. Barker on that occasion by consulting with Dr. Marthakis and entering orders for Zofran, blood work, and Pepto Bismol at Dr. Marthakis's instruction. It's also undisputed that Nurse Lunde doesn't have the authority to issue orders for prescriptions or for medical testing on his own, and that he believed he treated Mr. Barker in a manner that was reasonable, appropriate, and within the standard of care. There is no evidence from which a reasonable jury could conclude the treatment Nurse Lunde provided on this occasion was "plainly inappropriate." *See* Hayes v. Snyder, 546 F.3d at 524. Based on the undisputed facts, no reasonable jury could conclude Nurse Lunde was deliberately indifferent to Mr. Barker's serious health condition between March 14 and 27, 2019.

For these reasons, the court:

(1) GRANTS Nurse Lunde's motion for summary judgment (ECF 42); and

(2) DIRECTS the clerk to enter judgment in favor of Nurse Daniel Lunde and against Robert A. Barker.

SO ORDERED on November 24, 2021

        /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT